# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 21-1177**

**September Term, 2021**
FILED ON: JULY 1, 2022

NBCUNIVERSAL MEDIA, LLC,
PETITIONER

v.

NATIONAL LABOR RELATIONS BOARD,
RESPONDENT

---

Consolidated with 21-1184

---

On Petition for Review and Cross-Application for Enforcement
of an Order of the National Labor Relations Board

---

Before: HENDERSON and WALKER, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*

### **J U D G M E N T**

We heard this petition for review and cross-application for enforcement on the record from the National Labor Relations Board and the parties' briefs. We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d).

We **DENY** NBCUniversal Media, LLC's petition for review and **GRANT** the NLRB's cross-application for enforcement.

\* \* \*

NBCUniversal Media had an annual merit-raise program from 2015 to 2020. Each year, NBC's leadership set an overall target for merit-based raises. Then each unit and subunit of NBC set individual employees' raises based on their performance. NBC did not guarantee anyone a raise. But it had never taken one back after giving it.

Shortly before NBC completed the 2020 merit-raise process, employees in the NBC News Digital subunit unionized. Their representative told NBC that the union was "agreeable to having

the Company proceed with its annual evaluation and compensation changes as it would in the usual course of business." JA 187. NBC then proceeded with its usual process, giving raises to union and nonunion employees alike.

But two months later, NBC changed its mind. Over the union's strenuous objections, NBC decided to "roll back" the pay raises for all employees who made more than $100,000. JA 214.

In 2021, the National Labor Relations Board found that NBC's raise rollback violated the National Labor Relations Act. Under that statute, an employer cannot change the status quo as to "wages, hours, and other terms and conditions of employment" for unionized employees without first bargaining with their union. 29 U.S.C. § 158(d); *Advanced Life Sys. Inc. v. NLRB*, 898 F.3d 38, 41 (D.C. Cir. 2018). However, the status quo includes changes in employment terms that are consistent with an employer's "longstanding practice," so an employer can make those changes without bargaining. *Wilkes-Barre Hosp. Co. v. NLRB*, 857 F.3d 364, 375 (D.C. Cir. 2017). The NLRB determined that NBC's wage rollback did not fall within that exception.

NBC challenges the NLRB's decision on two grounds. Neither is persuasive.

First, NBC claims that its raise rollback was consistent with its longstanding practice of maintaining discretion not to give merit raises at all. But "there is a human difference between losing what one has and not getting what one wants." *Willner v. Thornburgh*, 928 F.2d 1185, 1190 (D.C. Cir. 1991) (quoting Henry J. Friendly, *Some Kind of Hearing*, 123 U. Pa. L. Rev. 1267, 1296 (1975)). Even if NBC's employees knew that NBC did not need to give them raises, they would not have expected NBC to take back their raises months after awarding them — especially when NBC had never before done so. *See Mike-Sells Potato Chip Co.*, 368 NLRB No. 145, *6 (2019) ("To establish the existence of a past practice, it is enough to show that frequent, recurrent, and similar *actions* have been taken . . . ."); *id.* (focusing on employee perception in applying that standard). Therefore, whether NBC calls its action a pay cut or a raise rollback, the NLRB did not err when it concluded that NBC changed union employees' wages without bargaining.

Second, NBC says the union waived its right to bargain. That waiver "must be clear and unmistakable." *Wilkes-Barre*, 857 F.3d at 377 (internal quotation marks omitted). But here, the union agreed that NBC could implement its annual merit-raise program as it would "in the usual course of business." JA 187. That usual course of business did not include rescinding raises. So the NLRB did not err when it decided that the union did not waive its right to bargain over the rescissions.

For those reasons, we **DENY** NBC's petition for review and **GRANT** the NLRB's cross-application for enforcement.

\* \* \*

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for panel or en banc rehearing.

2

*See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk

3